

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-373-CR

ROBERT ROE                                                           APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

### FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Robert Roe pleaded guilty in front of a jury to felony driving while intoxicated ("DWI"), after which the jury assessed his punishment at two years' confinement. In three points, Roe seeks a new punishment hearing, contending that the trial court erred by admitting certain expert testimony. Because Roe failed to

---

[1] *See* Tex. R. App. P. 47.4.

object to that testimony, however, he has not preserved his points for our review, and we will affirm.

## II. BACKGROUND

After the police pulled over the pickup truck he was driving, Roe's breath alcohol concentration ("BAC") measured between 0.216 to 0.222 grams per 210 liters of breath, or approximately two-and-a-half times the legal limit of 0.08. *See* Tex. Penal Code Ann. § 49.01(2)(B) (Vernon 2003). The State charged Roe with DWI, enhanced to a third-degree felony by two prior DWI convictions. Roe pleaded guilty before a jury after having elected to go to the jury for punishment. During the State's case-in-chief on punishment, the State offered, among other evidence, Roe's breath test results. In his own defense, Roe testified that he had only consumed two glasses of "Crown and Coke" and one other drink that night. In rebuttal, the State's breath-test expert, Terry Robinson, testified that a person would have to consume ten-to-thirteen standard drinks[2] to reach Roe's BAC on the night of his arrest. Roe did not object to this testimony.

After hearing the evidence on punishment, the jury assessed Roe's punishment at two years' confinement. Roe timely gave notice of appeal.

## III. DISCUSSION

---

[2] The witness defined a "standard drink" as containing the same amount of ethanol as that in twelve ounces of beer, an ounce-and-a-quarter of 80-proof liquor, or four-to-five ounces of table wine.

2

In three points, Roe complains of Robinson's testimony that a person would have had to have consumed ten-to-thirteen standard drinks to reach the BAC that Roe reached on the night of his arrest. In his first point, he contends that the trial court erred by admitting this expert's testimony; in his second point, that this testimony was harmful; and in his third, that the jury would have likely recommended community supervision rather than a term of confinement had it not heard this testimony. Because Roe has failed to preserve these points, however, they are not properly before us for our review.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State,* 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070, 119 S. Ct. 1466 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State,* 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

The record shows that the trial court conducted a hearing outside the jury's presence on Robinson's qualifications to testify on the subject of retrograde extrapolation. Roe objected to Robinson's qualifications to testify on the subject of retrograde extrapolation. However, he did not object to Robinson's specific

3

testimony that relates to the points he now brings on appeal.  For instance, at the hearing, when the trial court asked Roe if he objected to the following testimony, Roe replied, "No."

> Q. (BY MR. KILGORE [for the State])  Sir, if a 150-pound male had an alcohol concentration of .22 at 1:19 a.m., had his first drink at 6:00 p.m. –– I'm sorry, first drink at 10:00 p.m., his last drink at 11:00 p.m., was drinking liquor, and was stopped at 12:39, is it possible for him to have consumed two standard drinks and been at that concentration?

> A.  No.

> MR. KILGORE:  That's the last –– that's the question I plan on offering.

> THE COURT:  Okay.  Do you object to that?

> MR. McCARTY [for Roe]:  No.

Nor did Roe object when Robinson later repeated this testimony in front of the jury.  And finally, when Robinson offered the following testimony of which Roe now complains on appeal, Roe raised no objection:

> Q. [by the State]  Okay.  Based on your training and education and experience, how many drinks would he have had to have consumed?

> A.  Over that period of time?

> Q.  Uh-huh.

> A.  Just a moment, if I could.

> (Pause in Proceedings)

4

A.  He would have had to have consumed the amount of alcohol in 10 to 13 standard drinks during that time period.

Because all three of Roe's points on appeal are premised upon the trial court's admission of the above testimony, which drew no objection, Roe has failed to preserve his complaints for our review.  *See* Tex. R. App. 33.1(a)(1); Tex. R. Evid. 103.  Accordingly, we overrule all three points.

## IV.  CONCLUSION

Having overruled all of Roe's points, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 24, 2010